THE PEOPLE OF THE STATE OF NEW YORK ex rel. OSCAR E. HAYMAN, Appellant, *v.* WILLIAM E. WALSH et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

*Municipal corporations — New York city — Zoning Law — determination of Board of Standards and Appeals denying permit to erect public garage properly reinstated and confirmed.*

*People ex rel. Hayman v. Walsh,* 223 App. Div. 722, affirmed.

(Submitted May 8, 1928; decided May 29, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 1, 1928, which reversed an order of Special Term annulling, on certiorari, a determination of the Board of Standards and Appeals of the city of New York denying the application of relator for a permit to erect and maintain a public garage on the westerly side of Gravesend avenue between Avenues S and T, and reinstated and confirmed such determination.

*David L. Malbin* and *George Rosling* for appellant.

*George P. Nicholson,* Corporation Counsel (*J. Joseph Lilly, Willard S. Allen* and *Benjamin Millstein* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ. Not sitting: LEHMAN, J.

---

EDWARD ROSENBERG et al., Appellants, *v.* GLOBE AND RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.

*Insurance (theft) — contract — policy insuring " men's clothing ", from loss or theft — cut piece goods with necessary trimmings to be assembled into clothing not covered.*

*Rosenberg v. Globe & Rutgers Fire Ins. Co.,* 222 App. Div. 225, affirmed.

(Argued May 8, 1928; decided May 29, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

Prepared by State Reporter from Appeal Papers

entered December 30, 1927, affirming a judgment in favor of defendant entered upon a verdict directed by the court. The action was to recover upon a policy insuring plaintiffs against loss by perils of transportation, including theft, of " men's clothing." Certain piece goods which had been cut, together with the necessary trimmings such as linings, canvas, buttons, etc., were sent from New York to Philadelphia, there to be assembled and the process of manufacture into men's clothing completed. They were lost or stolen. The Appellate Division held that the goods lost were not men's clothing within the meaning of the policy.

*Maurice J. O'Callaghan, Albert S. McGrover* and *Elias H. Avrane* for appellants.

*Martin A. Schenck* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ. Not sitting: LEHMAN, J.

---

ALEXANDER LECAKES, an Infant, by NICHOLAS LECAKES, His Guardian ad Litem, Respondent, *v.* STEVENSON REFRIGERATING & STORAGE Co., INC., Appellant.

NICHOLAS LECAKES, Respondent, *v.* STEVENSON REFRIGERATING & STORAGE Co., INC., Appellant.

*Negligence — elevators — open door in elevator shaft — action for injuries arising from fall through door to bottom of shaft.*

*Lecakes* v. *Stevenson R. & S. Co., Inc.* (2 cases), 222 App. Div. 668, affirmed.

(Argued May 9, 1928; decided May 29, 1928.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 25, 1927, affirming a judgment in favor of plaintiff entered upon a verdict. The first action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The second